■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTONIO LEKIC, Also Known as ANTHONY LECHICH, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered December 4, 1959 after a trial by jury, convicting him of murder in the second degree, and sentencing him to serve a term of 40 years to life. Judgment affirmed. Defendant contends: (1) that he was denied a fair trial because of prejudicial remarks by the Trial Judge and because of prejudicial conduct by the Assistant District Attorney during the trial; (2) that the trial court erred in ruling on questions of law; (3) that two preliminary motions were erroneously decided; and (4) that the sentence was excessive. Defendant was indicted and tried for murder in the first degree for the shotgun slaying of his uncle. He admitted the killing but pleaded insanity as a defense. Two attorneys were assigned to defend him, two phychiatrists were retained for him, and an interpreter was provided for him at the trial — all at the expense of the People of the State of New York. In our opinion, the record does not support defendant's claim that he did not receive a fair trial. The court consistently instructed the jury to disregard the incidental derogatory remarks of counsel, and admonished both prosecution and defense on numerous occasions. The instructions do not appear to us inadequate, nor do the admonitions appear to have been less deserved by defense counsel than by the prosecutor. We find that the trial court by its course of conduct throughout the trial demonstrated its patience, its fairness to both sides, and a fine decorum, especially in view of the provocative conduct at times of both counsel and prosecutor. We also believe that the court's rulings, including the refusals to grant a mistrial and the disposition of the pretrial motions, were proper. However, even if it be assumed that some error was committed at this long trial, such error did not affect any substantial right of the defendant and may be disregarded (Code Crim. Pro., § 542). We do not consider the sentence to be excessive in view of the circumstances surrounding the brutal slaying of the victim — one who was the defendant's principal benefactor. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.